## INSHIELDS PRODUCTS CO v JOHNSON

Ohio Appeals, 6th Dist, Sandusky Co

No 294. Decided May 21, 1934

Garrison & Phillips, Toledo, for plaintiff in error.

Allen L. Ludwig, Gibsonburg, for defendant in error.

### OPINION

By WILLIAMS, J.

Many authorities have been cited upon the question of the construction of this writing, but in our judgment it differs to some extent from the contracts in precedents cited. As we construe the agreement involved, the purchaser had the full 60 days to test out the burner and if, during that period, it did not successfully heat the oven, it was the duty of the purchaser to notify the seller thereof within that period and it was then the duty of the purchaser, if in fact the heating of the oven was not successfully done, to remove the burner within a reasonable time after the expiration of the period, and the mere fact that the purchaser used the burner after the expiration of that period would not deprive

him of his rights under the guarantee, for the seller was required to remove it and the buyer was under necessity to continue to use his oven in his business as a baker. If the seller failed to remove the burner within a reasonable time, then the purchaser had a right to take it out himself and the mere fact that the purchaser refused to give up the burner until the money paid had been refunded would not deprive him of his rights under the agreement, as the removal of the burner and the refunding of the money paid were to be concurrent acts.

One Christopher Ducia, acting for the plaintiff, induced Johnson to buy this burner and had a right to receive a commission from the plaintiff on the sale, and there is evidence tending to prove that Ducia and Johnson agreed upon the terms of the contract which were afterwards incorporated in the written agreement. Under all the evidence in the case it was a question of fact to be determined by the jury under proper instruction as to whether Ducia was the agent of the plaintiff for the purpose of receiving notice from Johnson that the burner was not heating the oven successfully. There was also evidence tending to show that the oven was not heating successfully during the 60-day period and that during that period Johnson gave notice thereof to Ducia.

The court instructed the jury that Ducia was the agent of the plaintiff to receive such notice. This was prejudicial error, and the question whether Ducia was the duly authorized agent for that purpose should have been left to the determination of the jury under proper instructions.

For reversible error in so instructing the jury, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.